I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 2/17/09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

FEB 17 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL K. HIDER,<br><br>    Petitioner,<br><br>    vs.<br><br>J. WALKER,<br><br>    Respondent. | Case No. CV 07-7119-DDP (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge with respect to the motion to dismiss for failure to exhaust state remedies filed by respondent. Objections to the Report and Recommendation have been filed by petitioner, and the Court has made a <u>de</u> <u>novo</u> determination of those portions of the Report and Recommendation to which objections have been made.

    Petitioner's objections to the Report and Recommendation appear to be directed solely to the Magistrate Judge's finding and conclusion that petitioner's failure to exhaust the ineffective assistance of counsel claim that he maintains he meant to allege in Ground one of the Petition was not excused by the "actual innocence" exception to the procedural default doctrine. As set forth in the Report

and Recommendation, on December 17, 2007, petitioner had filed a document captioned "Motion and Request to File Newly Amended 'Ground One' in Petition for Habeas Corpus to State a Cognizable Claim for Federal Habeas Review; and Request for Leave and Motion to 'Stay Proceedings' While Petitioner Properly Exhaust [sic] Claim in State Court." Per a Minute Order issued on December 19, 2007, the Magistrate Judge had denied petitioner's motion and request for leave to file the proposed First Amended Petition that he lodged concurrently with his motion and request because the proposed First Amended Petition did not comply with the requirement of Central District Local Rule 15-2 that an amended pleading be complete in and of itself, since the proposed First Amended Petition contained only amended Ground One and omitted petitioner's five other grounds for relief. The Magistrate Judge also had denied petitioner's request that the Court hold this matter in abeyance while he returned to state court to exhaust his state remedies with respect to the ineffective assistance of counsel claim alleged in Ground One of the proposed First Amended Petition because the Magistrate Judge found that petitioner had failed to make the requisite showing of good cause for his failure to exhaust this ineffective assistance claim earlier. See Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).[1]

Petitioner failed to file timely objections to the Magistrate Judge's December 19, 2007 ruling. However, in his opposition to the motion to dismiss, petitioner contended that he meant to allege in Ground one of the Petition that his trial counsel was ineffective for failing to investigate and present the testimony of an eyewitness. Although petitioner acknowledged that he had not exhausted his state remedies with respect to such claim, he contended that his failure to exhaust should be excused because the eyewitness's testimony constituted "new evidence" of his actual

---

[1] The Magistrate Judge also noted that the claim appeared to be time-barred in any event under 28 U.S.C. § 2244(d).

innocence. The Magistrate Judge disagreed.

In his objections to the Report and Recommendation, petitioner asserts that "[t]he actual innocence gateway of Schlup v. Delo is available to petitioner to overcome his failure to exhaust and timely file his ineffective assistance of counsel claim that is procedurally defaulted," and that "[i]t would be an abuse of discretion if the District Court did not address petitioner's actual innocence claim in relation to his ineffective assistance of counsel contention [in] Ground One of the habeas corpus petition."

The fallacy of these assertions is that they presume that petitioner's unexhausted ineffective assistance of counsel claim is procedurally defaulted. The law is well established that, in order for a claim to be procedurally defaulted for federal habeas corpus purposes, the opinion of the last state court rendering a judgment in the case must clearly and expressly state that its judgment rests on a state procedural bar. See Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); see also Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992). Here, since petitioner has not presented his ineffective assistance of counsel claim to the California courts, there has been no denial of the claim on procedural grounds. Moreover, the Court concurs with the Magistrate Judge that it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted ineffective assistance claim is procedurally barred under state law, if petitioner were to raise such claim in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have

been violated may be raised by state habeas petition).[2] Thus, at this juncture, the Court has no basis for treating petitioner's unexhausted ineffective assistance claim as procedurally defaulted and consequently it would constitute a violation of the "case or controversy" requirement of Article III, Section 2 of the United States Constitution for the Court to address petitioner's "actual innocence" claim.

The Court therefore approves and adopts the Magistrate Judge's Report and Recommendation, and further orders that (a) respondent's Motion to Dismiss is denied, and (b) that respondent file an Answer on the merits within forty-five (45) days.

DATED: FEB 1 2 2009

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court also concurs with the Magistrate Judge that, if it were clear here that petitioner's unexhausted ineffective assistance claim was procedurally barred under state law, then the relevant issue would be whether petitioner's procedural default should be excused, not whether the exhaustion requirement should be excused. See Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007). In other words, if petitioner's unexhausted ineffective assistance claim was procedurally barred under state law, the exhaustion requirement would be satisfied. See Coleman v. Thompson, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").